IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and STARSTONE NATIONAL INSURANCE COMPANY f/k/a TORUS NATIONAL INSURANCE COMPANY,<br><br>Petitioners,<br><br>-vs-<br><br>HYMEL & ASSOCIATES, LLC, and JOSEPH C. HYMEL a/k/a J.C. HYMEL,<br><br>Respondents. | Case No.: 16 Civ. 6899 (GHW)<br><br>**WHITE AFFIRMATION IN SUPPORT OF MOTION TO ENJOIN RESPONDENTS FROM PROCEEDING AGAINST PETITIONERS OUTSIDE OF AAA ARBITRATION** |

Gerard W. White affirms under penalty of perjury as follows:

1. I am an attorney duly admitted to practice before this Honorable Court and submit this declaration in support of the Petition of the underwriters, AGCS Marine Insurance Company, Liberty Mutual Insurance Company, and StarStone National Insurance Company, formerly known as Torus National Insurance Company (collectively, "Petitioners"), seeking to enjoin Respondents, Hymel & Associates, LLC and Joseph C. Hymel, who is also known as J.C. Hymel, from proceeding against Petitioners outside of AAA arbitration.

1

2. Petitioners filed their reply papers in connection with the Petition to Compel Arbitration on October 18, 2016, but did not have the opportunity to brief their application to enjoin as Respondents filed the claims against Petitioners in the Louisiana action after the Petition to Compel Arbitration was filed in this Court. Petitioners wish to avoid having to defend a claim in the Louisiana state court that they maintain is referable to arbitration under the FAA and the arbitration clause in the insurance policy.

3. The American Arbitration Association ("AAA") continues to administer the arbitration of this matter and the parties are to submit their list for the selection of arbitrators by Tuesday, October 25, 2016.

4. Petitioners seek to enjoin Respondents from proceeding with impleading underwriters into an action filed in Louisiana and from otherwise proceeding against Petitioners outside of AAA arbitration. Respondents filed their pleading to implead underwriters on September 18, 2016, but Respondents have not served the action on Petitioners. A copy of the Louisiana pleading is provided herewith as White Exhibit 4, which was previously filed with the reply papers, (Doc. No. 24-1).

5. As Petitioners filed a Petition to Compel Arbitration before the AAA in New York pursuant to 9 U.S.C. § 4, and Respondents subsequently sought to implead Petitioners in the Louisiana action, Petitioners now seek to enjoin

Respondents from pursuing their claims against Petitioners in Louisiana or elsewhere as the dispute is subject to AAA arbitration.

6. The undersigned spoke earlier today with Martin Morgan, Esq., counsel for Respondents, who indicated that Respondents would delay service of the pleading on underwriters until on/about December 8, 2016. I advised Mr. Morgan that this motion would be filed to ensure that Respondents were not placed in the position of litigating the matter in a forum outside of the AAA in New York.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated:   October 21, 2016
         New York, NY

_____
Gerard W. White